STATE OF MAINE

Cumberland, ss.

BUSINESS AND CONSUMER COURT

AMH-CUM-12-05-14

AMERICAN HOLDINGS, INC.

Plaintiff

v.

Docket No. BCD-CV-14-43 ✓

TOWN OF NAPLES

Defendant

AMERICAN HOLDINGS, INC.,
KHRISTOPHER KLIMEK and BARBARA KLIMEK,

Third-Party Plaintiffs

v.

CHRISTOPHER MERRILL
and ESTATE OF JERRY MERRILL

Third-Party Defendants

KATHERINE E. BOURBON et als.

Parties-in-interest

## AMENDED ORDER ON MOTION FOR ORDER OF ARBITRATION

The Third-Party Defendants[1], Christopher Merrill and Estate of Jerry Merrill, have

filed a Motion For Order of Arbitration, seeking to compel arbitration of all claims asserted by

Third-Party Plaintiffs American Holdings, Khristopher Klimek and Barbara Klimek in the First

Amended Third-Party Complaint, and all claims asserted in Merrill's and the Estate's

---

[1] The court questions whether the claims of the Third-Party Plaintiffs against Christopher Merrill and the Estate of Jerry Merrill qualify as third-party claims under M.R. Civ. P. 14, at least as to Khristopher and Barbara Klimek, because there were no claims pending against them when they filed their third-party complaint. Also, the counterclaim filed by Merrill and the Estate purports to be against several corporations that are not parties to this case, so it cannot be considered a counterclaim. The court encourages counsel for the parties in the so-called third-party litigation to review the pleadings and alignment of parties to avoid procedural confusion.

1

Amended Answer and Counterclaim. The Third-Party Plaintiffs oppose the motion. Without objection, the court decides the Motion without oral argument, *see* M.R. Civ. P. 7(b)(7).[2]

By way of background, all of the parties to the First Amended Third-Party Complaint and the counterclaim thereto were parties in the Business and Consumer Court case captioned *Merrill v. Klimek*, Me. Bus. & Cons. Ct., Docket No. BCD-CV-13-07. That case was settled and dismissed, and the terms of settlement are memorialized in a Confidential Settlement Agreement and General Release ["the Settlement Agreement"] attached as an exhibit to the Amended Answer and Counterclaim. The Settlement Agreement at section 9 recites that it was negotiated by the parties with the help of their counsel. The Settlement Agreement at section 1 makes reference to a previously executed Note and Mortgage and calls for payments totaling $200,000 to be made to Merrill and the Estate.

The Settlement Agreement at section 7 includes a provision that "any dispute arising under this Agreement is to be resolved by binding arbitration with Robert Crowley to serve as

---

[2] In a separate order, this judge recuses from the case as a result of his former law firm entering an appearance for the parties-in-interest. However, because the present motion does not involve the parties-in-interest, and because all parties through counsel consented during a conference of counsel held yesterday, December 3, this judge rules on the present motion prior to recusing.

It should be noted that after the original draft of this Order was signed and given to the clerk for docketing, but before it had actually been docketed, attorney Lourie for the Third-Party Plaintiffs sent an e-mail message to the clerk advising that his clients now object to the Motion for Arbitration being decided before Merrill and the Estate respond to certain outstanding discovery. The stated concern is that if the matter goes to arbitration and this judge recuses, the discovery might not be available either in this case or in arbitration. In the court's view, this concern is unfounded. Even if another judge assumes responsibility for this case, because the third-party claims and counterclaims are being stayed rather than dismissed, *see* p. 6, *infra*, the court can still compel any discovery that the arbitrator deems appropriate. Moreover, if the further claims that the Third-Party Plaintiffs say they are exploring are outside the scope of arbitrable disputes, they can be brought—not necessarily in this case but in another case. For those reasons, and based on the consent given previously, the court proceeds with this ruling.

This Amended Order is issued in response to another e-mail request for attorney Lourie regarding the scope of the stay ordered herein. The stay is limited to claims and counterclaims between parties to the Settlement Agreement, i.e. the parties that agreed to arbitrate the claims between them arising out of the Settlement Agreement. Any further requests regarding this Order will need to be by motion directed to the next judge assigned to the case.

2

arbitrator." It is on this provision that the Third-Party Defendants rely in seeking to compel arbitration of the Third-Party Plaintiffs' claims against them and their counterclaims.

Their argument finds support in the strong policy favoring arbitration. *E.g. Macomber v. MacQuinn-Tweedie*, 2003 ME 121. ¶ 13, 834 A.2d 131; *Roosa v. Tillotson*, 1997 ME 121, ¶ 3, 695 A.2d 1196, 1197. The argument for arbitration finds further support in the Third-Party Plaintiffs' First Amended Third-Party Complaint. The prayer for relief reads: 'WHEREFORE 3rd Party Plaintiffs demand their damages and such equitable relief as this Honorable Court deems appropriate, including but not limited to ordering the discharge of the mortgage in whole or part, and/or issuing preliminary and permanent injunctive relief barring Christopher Merrill from enforcing the obligations of the Note and Mortgage." Whether Merrill is entitled to enforce the Settlement Agreement and whether the mortgage that is stated to be part of the basis for the Settlement Agreement should be discharged clearly appear to be "disputes[s] arising under this Agreement" for purposes of the arbitration provision. Likewise, the counterclaims asserted by Merrill and the Estate present issues arising under the Settlement Agreement.

The Third-Party Plaintiffs respond with several arguments.

They point out that their First Amended Third-Party Complaint asserts equitable claims and seeks equitable relief, which they claim is beyond the jurisdiction of any arbitrator. It is true that no arbitrator can issue an injunction, but an award can resolve equitable claims and include equitable relief that can be implemented in a judgment confirming the award. *See, e.g., Cape Elizabeth School Board v. Cape Elizabeth Teachers Ass'n,*, 459 A.2d 166 (Me. 1983) (arbitration award reinstating teacher confirmed by court).

They also point out that they are claiming fraud in the inducement as to the Settlement Agreement, and assert that that issue is not arbitrable. There is support in Maine for the

3

principle that a claim that the agreement containing an arbitration clause was induced by fraud is not arbitrable, when the agreement is a "take it or leave it" contract of adhesion between parties of unequal bargaining power. *See Barrett v. McDonald Investments, Inc.*, 2005 ME 43, ¶¶ 34–36, 870 A.2d 146, 156 (Alexander, J., concurring). The Settlement Agreement in question here is not in that category; it was negotiated by parties to litigation who were represented by counsel.

The Law Court has evidently not decided whether a claim of fraud in the inducement is arbitrable when the arbitration agreement is part of a negotiated settlement agreement, as was the case here. However, the weight of authority holds that claims of fraud in the inducement are arbitrable:

> A number of courts held that [a claim of fraud in the inducement] is not a proper subject for arbitration. They have reasoned that since the claim of fraud, if proven, would render the entire contract voidable at the option of the defrauded party, the agreement to arbitrate, as an inseparable part of the contract, would likewise fall. Since there would be no agreement to arbitrate, there could be no arbitration of fraud in the inducement. However, a greater number of courts have considered a question of fraud in the inducement generally to be arbitrable. These courts have maintained that the arbitration clause constitutes an agreement separate and distinct from the primary contract. Consequently, they have reasoned, even if the primary contract is held by the arbitrators to be voidable, the arbitration clause would remain in effect. Since the arbitration clause would not be rendered void by a finding that the contract was fraudulently induced, a question of fraud in the inducement could be arbitrated.

Annot., *Claim of fraud in inducement of contract as subject to compulsory arbitration clause contained in contract*, 11 A.L.R.4th 774 (1982).

Consistent with this approach, the United States Supreme Court has held that, under the Federal Arbitration Act, "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).

Nothing in the Maine Arbitration Act, 14 M.R.S. §§ 5927 *et seq.*, compels a different conclusion. By its terms, the Maine Act limits the court's role in deciding whether to compel arbitration to deciding whether there was a valid "agreement to arbitrate", if the existence of an agreement to arbitrate is in dispute, see id. § 5928(1)-(2). Presumably a claim that the agreement to arbitrate was fraudulently induced could be adjudicated in the course of deciding whether to compel arbitration. *See Barrett v. McDonald Investments, Inc., supra,* 2005 ME 43 at 36, 870 A.2d at 156 (Alexander, J., concurring). Such a claim has not been made here: Third-Party Plaintiffs do not claim that they were defrauded with respect to the arbitration provision in Section 7; rather, their contention is that the entire Settlement Agreement is the result of fraud in the inducement. The weight of authority indicates that that claim is subject to arbitration.

In connection with their fraud in the inducement argument, the Third-Party Plaintiffs in their reply memorandum point out that the Settlement Agreement does not contain a disclaimer of reliance provision comparable to the clause contained in the settlement agreement at issue in *Barr v. Dyke,* 2012 ME 108, 49 A.3d 1280. However, this point, even if valid,[3] goes to whether the fraud in the inducement claim can be made, and not to whether the claim is subject to arbitration.

The Third-Party Plaintiffs also argue that their claims are not subject to arbitration because they are based on actions taken by the Town of Naples and therefore fall outside the scope of the release of claims contained in the Settlement Agreement, which "does not apply to any rights the Parties may have as to each other relating to any actions taken by any state or federal governmental entity." However, even assuming the Town of Naples is deemed a "state

---

[3] There is a disclaimer of reliance provision—albeit one narrower than that in *Barr v. Dyke*—within section 9 of the Settlement Agreement.

5

or federal governmental entity," the applicability of the release to the Merrill counterclaims is still a "dispute arising under this Agreement" and subject to arbitration.

For all of these reasons, the court concludes that all claims contained in the First Amended Third-Party-Complaint and in the Amended Answer and Counterclaim are subject to arbitration as provided in the Settlement Agreement, and hence that the Motion for Order of Arbitration should be granted, conditioned on arbitration taking place within a reasonable time.

The remaining question is whether, in the exercise of the court's discretion, those claims and counterclaims should be dismissed or simply stayed pending the outcome of arbitration. For now the court elects to stay proceedings on the claims and counterclaims between parties to the Settlement Agreement at least until April 2015 on the assumption that the arbitration process will be commenced promptly. The arbitration proceeding may or may not be completed by then, and, if it is not, the court will entertain a request to extend the stay to enable arbitration to be completed.

The stay does not apply to claims outside the scope of the arbitration provision of the Settlement Agreement, meaning essentially that proceedings on any claim, regardless of how it is denominated (counterclaim, crossclaim, etc.) made by or against any party who has not agreed to the arbitration provision are not stayed by this Order.

IT IS HEREBY ORDERED:

1. The Motion for Order of Arbitration of Third-Party Defendants Christopher Merrill and Estate of Jerry Merrill is granted.

2. All discovery and proceedings and deadlines on the First Amended Third-Party Complaint and Amended Answer and Counterclaim in response thereto are stayed until further order, effective immediately. This stay does not affect proceedings among the Plaintiff, Defendant Town and the Parties-In-Interest.

6

3. Counsel for the Third-Party Plaintiffs and counsel for the Third-Party Defendants will advise the court of the status of the arbitration by April 1, 2015.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated December 5, 2014

A. M. Horton
Justice, Business and Consumer Court

Entered on the Docket: 12-5-14
Copies sent via Mail ___ Electronically ✓

7

American Holdings, Inc. v. Town of Naples
American Holdings, Inc., Kristopher Klimek and Barbara Klimek v.
Christopher Merrill & Estate of Jerry Merrill, and Katherine E. Bourbon, et als.
BCD-CV-14-43

**American Holdings, Inc.**
    **Plaintiff / 3rd Party Plaintiff**

        Counsel:               David Lourie, Esq.
                              189 Suprwink Ave
                              Cape Elizabeth, ME 04107

**Kristopher Klimek and Barbara Klimek**
    **Intervenor / 3rd Party Plaintiff**

        Counsel:               David Lourie, Esq.
                              189 Suprwink Ave
                              Cape Elizabeth, ME 04107

**Town of Naples**
    **Defendant**

        Counsel:               Bryan Dench, Esq.
                              Norman Rattey, Esq.
                              95 Main St
                              Auburn, ME 04210
                                    AND
                              Benjamin Smith, Esq.
                              227 Water St
                              PO Box 1051
                              Augusta, ME 04332-1051

**Christopher Merrill & Estate of Jerry Merrill**
    **3rd Party Defendant**

        Counsel:               Nicholas H. Walsh, Esq.
                              120 Exchange St Suite 202
                              PO Box 7206
                              Portland, ME 04112-7206

**Catherine E. Bourbon, John Hudgins, Jennifer M. Landry, Bruce J. Landry**
    **Parties in Interest**

        Counsel:               Keith E. Glidden, Esq.
                              One Boston Place Suite 2330
                              Boston, MA 02108
                                    AND
                              Seth S, Coburn Esq.
                              One Portland Square
                              PO Box 586
                              Portland, ME 04112-0586

STATE OF MAINE

Cumberland, ss.

BUSINESS AND CONSUMER COURT

AMH-CMM-12-04-14

AMERICAN HOLDINGS, INC.

Plaintiff

v.

Docket No. BCD-CV-14-43

TOWN OF NAPLES

Defendant

AMERICAN HOLDINGS, INC.,
KHRISTOPHER KLIMEK and BARBARA KLIMEK,

Third-Party Plaintiffs

v.

CHRISTOPHER MERRILL
and ESTATE OF JERRY MERRILL

Third-Party Defendants

KATHERINE E. BOURBON et als.

Parties-in-interest

### ORDER ON MOTION FOR ORDER OF ARBITRATION

The Third-Party Defendants[1], Christopher Merrill and Estate of Jerry Merrill, have

filed a Motion For Order of Arbitration, seeking to compel arbitration of all claims asserted by

Third-Party Plaintiffs American Holdings, Khristopher Klimek and Barbara Klimek in the First

Amended Third-Party Complaint, and all claims asserted in Merrill's and the Estate's

---

[1] The court questions whether the claims of the Third-Party Plaintiffs against Christopher Merrill and the Estate of Jerry Merrill qualify as third-party claims under M.R. Civ. P. 14, at least as to Khristopher and Barbara Klimek, because there were no claims pending against them when they filed their third-party complaint. Also, the counterclaim filed by Merrill and the Estate purports to be against several corporations that are not parties to this case, so it cannot be considered a counterclaim. The court encourages counsel for the parties in the so-called third-party litigation to review the pleadings and alignment of parties to avoid procedural confusion.

1

Amended Answer and Counterclaim. The Third-Party Plaintiffs oppose the motion. Without objection, the court decides the Motion without oral argument, *see* M.R. Civ. P. 7(b)(7).[2]

By way of background, all of the parties to the First Amended Third-Party Complaint and the counterclaim thereto were parties in the Business and Consumer Court case captioned *Merrill v. Klimek*, Me. Bus. & Cons. Ct., Docket No. BCD-CV-13-07. That case was settled and dismissed, and the terms of settlement are memorialized in a Confidential Settlement Agreement and General Release ["the Settlement Agreement"] attached as an exhibit to the Amended Answer and Counterclaim. The Settlement Agreement at section 9 recites that it was negotiated by the parties with the help of their counsel. The Settlement Agreement at section 1 makes reference to a previously executed Note and Mortgage and calls for payments totaling $200,000 to be made to Merrill and the Estate.

The Settlement Agreement at section 7 includes a provision that "any dispute arising under this Agreement is to be resolved by binding arbitration with Robert Crowley to serve as arbitrator." It is on this provision that the Third-Party Defendants rely in seeking to compel arbitration of the Third-Party Plaintiffs' claims against them and their counterclaims.

---

[2] In a separate order, this judge recuses from the case as a result of his former law firm entering an appearance for the parties-in-interest. However, because the present motion does not involve the parties-in-interest, and because all parties through counsel consented during a conference of counsel held yesterday, December 3, this judge rules on the present motion prior to recusing.

It should be noted that after the original draft of this Order was signed and given to the clerk for docketing, but before it had actually been docketed, attorney Lourie for the Third-Party Plaintiffs sent an e-mail message to the clerk advising that his clients now object to the Motion for Arbitration being decided before Merrill and the Estate respond to certain outstanding discovery. The stated concern is that if the matter goes to arbitration and this judge recuses, the discovery might not be available either in this case or in arbitration. In the court's view, this concern is unfounded. Even if another judge assumes responsibility for this case, because the third-party claims and counterclaims are being stayed rather than dismissed, *see* p. 6, *infra*, the court can still compel any discovery that the arbitrator deems appropriate. Moreover, if the further claims that the Third-Party Plaintiffs say they are exploring are outside the scope of arbitrable disputes, they can be brought—not necessarily in this case but in another case. For those reasons, and based on the consent given previously, the court proceeds with this ruling.

Their argument finds support in the strong policy favoring arbitration. *E.g. Macomber v. MacQuinn-Tweedie,* 2003 ME 121. ¶ 13, 834 A.2d 131; *Roosa v. Tillotson,* 1997 ME 121, ¶ 3, 695 A.2d 1196, 1197. The argument for arbitration finds further support in the Third-Party Plaintiffs' First Amended Third-Party Complaint. The prayer for relief reads: "WHEREFORE 3rd Party Plaintiffs demand their damages and such equitable relief as this Honorable Court deems appropriate, including but not limited to ordering the discharge of the mortgage in whole or part, and/or issuing preliminary and permanent injunctive relief barring Christopher Merrill from enforcing the obligations of the Note and Mortgage." Whether Merrill is entitled to enforce the Settlement Agreement and whether the mortgage that is stated to be part of the basis for the Settlement Agreement should be discharged clearly appear to be "disputes[s] arising under this Agreement" for purposes of the arbitration provision. Likewise, the counterclaims asserted by Merrill and the Estate present issues arising under the Settlement Agreement.

The Third-Party Plaintiffs respond with several arguments.

They point out that their First Amended Third-Party Complaint asserts equitable claims and seeks equitable relief, which they claim is beyond the jurisdiction of any arbitrator. It is true that no arbitrator can issue an injunction, but an award can resolve equitable claims and include equitable relief that can be implemented in a judgment confirming the award. *See, e.g., Cape Elizabeth School Board v. Cape Elizabeth Teachers Ass'n,,* 459 A.2d 166 (Me. 1983) (arbitration award reinstating teacher confirmed by court).

They also point out that they are claiming fraud in the inducement as to the Settlement Agreement, and assert that that issue is not arbitrable. There is support in Maine for the principle that a claim that the agreement containing an arbitration clause was induced by fraud is not arbitrable, when the agreement is a "take it or leave it" contract of adhesion between

3

parties of unequal bargaining power. *See Barrett v. McDonald Investments, Inc.*, 2005 ME 43, ¶¶ 34-36, 870 A.2d 146, 156 (Alexander, J., concurring). The Settlement Agreement in question here is not in that category; it was negotiated by parties to litigation who were represented by counsel.

The Law Court has evidently not decided whether a claim of fraud in the inducement is arbitrable when the arbitration agreement is part of a negotiated settlement agreement, as was the case here. However, the weight of authority holds that claims of fraud in the inducement are arbitrable:

> A number of courts held that [a claim of fraud in the inducement] is not a proper subject for arbitration. They have reasoned that since the claim of fraud, if proven, would render the entire contract voidable at the option of the defrauded party, the agreement to arbitrate, as an inseparable part of the contract, would likewise fall. Since there would be no agreement to arbitrate, there could be no arbitration of fraud in the inducement. However, a greater number of courts have considered a question of fraud in the inducement generally to be arbitrable. These courts have maintained that the arbitration clause constitutes an agreement separate and distinct from the primary contract. Consequently, they have reasoned, even if the primary contract is held by the arbitrators to be voidable, the arbitration clause would remain in effect. Since the arbitration clause would not be rendered void by a finding that the contract was fraudulently induced, a question of fraud in the inducement could be arbitrated.

Annot., *Claim of fraud in inducement of contract as subject to compulsory arbitration clause contained in contract*, 11 A.L.R.4th 774 (1982).

Consistent with this approach, the United States Supreme Court has held that, under the Federal Arbitration Act, "if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).

Nothing in the Maine Arbitration Act, 14 M.R.S. §§ 5927 *et seq.*, compels a different conclusion. By its terms, the Maine Act limits the court's role in deciding whether to compel

4

arbitration to deciding whether there was a valid "agreement to arbitrate", if the existence of an agreement to arbitrate is in dispute, see id. § 5928(1)-(2). Presumably a claim that the agreement to arbitrate was fraudulently induced could be adjudicated in the course of deciding whether to compel arbitration. *See Barrett v. McDonald Investments, Inc., supra,* 2005 ME 43 at 36, 870 A.2d at 156 (Alexander, J., concurring). Such a claim has not been made here: Third-Party Plaintiffs do not claim that they were defrauded with respect to the arbitration provision in Section 7; rather, their contention is that the entire Settlement Agreement is the result of fraud in the inducement. The weight of authority indicates that that claim is subject to arbitration.

In connection with their fraud in the inducement argument, the Third-Party Plaintiffs in their reply memorandum point out that the Settlement Agreement does not contain a disclaimer of reliance provision comparable to the clause contained in the settlement agreement at issue in *Barr v. Dyke,* 2012 ME 108, 49 A.3d 1280. However, this point, even if valid,[3] goes to whether the fraud in the inducement claim can be made, and not to whether the claim is subject to arbitration.

The Third-Party Plaintiffs also argue that their claims are not subject to arbitration because they are based on actions taken by the Town of Naples and therefore fall outside the scope of the release of claims contained in the Settlement Agreement, which "does not apply to any rights the Parties may have as to each other relating to any actions taken by any state or federal governmental entity." However, even assuming the Town of Naples is deemed a "state or federal governmental entity," the applicability of the release to the Merrill counterclaims is still a "dispute arising under this Agreement" and subject to arbitration.

---

[3] There is a disclaimer of reliance provision—albeit one narrower than that in *Barr v. Dyke*—within section 9 of the Settlement Agreement.

5

For all of these reasons, the court concludes that all claims contained in the First Amended Third-Party-Complaint and in the Amended Answer and Counterclaim are subject to arbitration as provided in the Settlement Agreement, and hence that the Motion for Order of Arbitration should be granted, conditioned on arbitration taking place within a reasonable time.

The remaining question is whether, in the exercise of the court's discretion, those claims and counterclaims should be dismissed or simply stayed pending the outcome of arbitration. For now the court elects to stay this case at least until April 2015 on the assumption that the arbitration process will be commenced promptly. The arbitration proceeding may or may not be completed by then, and, if it is not, the court will entertain a request to extend the stay to enable arbitration to be completed.

IT IS HEREBY ORDERED:

1. The Motion for Order of Arbitration of Third-Party Defendants Christopher Merrill and Estate of Jerry Merrill is granted.

2. All discovery and proceedings and deadlines on the First Amended Third-Party Complaint and Amended Answer and Counterclaim in response thereto are stayed until further order, effective immediately. This stay does not affect proceedings among the Plaintiff, Defendant Town and the Parties-In-Interest.

3. Counsel for the Third-Party Plaintiffs and counsel for the Third-Party Defendants will advise the court of the status of the arbitration by April 1, 2015.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated December 4, 2014

A. M. Horton
Justice, Business and Consumer Court

6

American Holdings, Inc. v. Town of Naples
American Holdings, Inc., Kristopher Klimek and Barbara Klimek v.
Christopher Merrill & Estate of Jerry Merrill, and Katherine E. Bourbon, et als.
BCD-CV-14-43

**American Holdings, Inc.**
    **Plaintiff / 3rd Party Plaintiff**

  Counsel:      David Lourie, Esq.
           189 Suprwink Ave
           Cape Elizabeth, ME 04107

**Kristopher Klimek and Barbara Klimek**
    **Intervenor / 3rd Party Plaintiff**

  Counsel:      David Lourie, Esq.
           189 Suprwink Ave
           Cape Elizabeth, ME 04107

**Town of Naples**
    **Defendant**

  Counsel:      Bryan Dench, Esq.
           Norman Rattey, Esq.
           95 Main St
           Auburn, ME 04210
             AND
           Benjamin Smith, Esq.
           227 Water St
           PO Box 1051
           Augusta, ME 04332-1051

**Christopher Merrill & Estate of Jerry Merrill**
    **3rd Party Defendant**

  Counsel:      Nicholas H. Walsh, Esq.
           120 Exchange St Suite 202
           PO Box 7206
           Portland, ME 04112-7206

**Catherine E. Bourbon, John Hudgins, Jennifer M. Landry, Bruce J. Landry**
    **Parties in Interest**

  Counsel:      Keith E. Glidden, Esq.
           One Boston Place Suite 2330
           Boston, MA 02108
             AND
           Seth S, Coburn Esq.
           One Portland Square
           PO Box 586
           Portland, ME 04112-0586